IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

NELDA L. OLIVER,                         )
                                         )
                    Plaintiff,           )
                                         )
vs.                                      )      Case Number CIV-09-97-C
                                         )
THE WACKENHUT CORPORATION,               )
                                         )
                    Defendant.           )

## MEMORANDUM OPINION AND ORDER

Plaintiff filed a complaint alleging claims of race, color, and age discrimination against her previous employer pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981; Title VII, 42 U.S.C. § 2000e et seq.; and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq.  Plaintiff also brought a Burk[1] tort claim for a violation of Oklahoma's public policy.  Defendant filed a partial motion to dismiss Plaintiff's Burk tort claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defendant contends that the Oklahoma Anti-Discrimination Act (OADA), 25 Okla. Stat. § 1101 et seq., upon which Plaintiff's claim is based, is unconstitutional because it treats similarly situated persons differently.[2]

Plaintiff's response indicates that her Burk claim is premised not on the OADA, but instead on a number of Oklahoma Supreme Court cases that set forth Oklahoma's public

---

[1]  See Burk v. K-Mart Corp., 1989 OK 22, 770 P.2d 24.

[2]  Consistent with the provisions of Fed. R. Civ. P. 5.1 and 28 U.S.C. § 2403, the Court gave notice to the Oklahoma Attorney General of the constitutional challenge.  The deadline for intervention has now passed with no response from the Attorney General.

policy regarding race, color, and age discrimination.  See Shirazi v. Childtime Learning Ctr., Inc., 2009 OK 13, 204 P.3d 75; Kruchowski v. The Weyerhaeuser Co., 2008 OK 105, 202 P.3d 144; and Saint v. Data Exchange, Inc., 2006 OK 59, 145 P.3d 1037.  Even if the constitutionality of the OADA is relevant to Plaintiff's claims, Plaintiff contends that the Oklahoma Supreme Court has, through use of the Burk tort claim, interpreted the statute in a manner that avoids unconstitutional application.

In considering a Rule 12(b)(6) motion to dismiss, the Court must accept the complaint as true and must construe all facts in the light most favorable to the Plaintiff.  Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  Consistent with the liberal pleading standards of Fed. R. Civ. P. 8(a)[3], the plaintiff need not plead detailed factual allegations, but the face of the complaint must indicate a plausible right to relief that is not simply speculative.  James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008).  A complaint containing only conclusory allegations without any factual support will not survive a motion to dismiss.  Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir. 1981).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Bell Atlantic Corp., 550 U.S. at 563.

Though Plaintiff contends that her Burk tort claim is not premised upon the OADA, the constitutionality of the statute is still relevant to the Court's decision.  All of the cases

---

[3]  Fed. R. Civ. P. 8(a) provides that "A pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." This has been interpreted to require the complaint to provide sufficient notice to the defendant regarding what the plaintiff is claiming and the grounds upon which the claim is made. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

cited by Plaintiff as the foundation for her claim were themselves based upon the remedies, or lack thereof, found in the OADA.   Accordingly, a determination of the statute's constitutionality is necessary for the Court to resolve the present motion.

The Oklahoma Supreme Court has previously considered this issue.  Because the OADA provides a private cause of action for those suffering discrimination based upon handicap but not for those suffering other forms of discrimination, the Oklahoma Supreme Court noted that it appears to treat similarly situated persons differently.  In order to avoid potential constitutional problems, that court interpreted the OADA as not providing the exclusive remedies for discriminatory practices based upon race and age, thereby permitting a Burk tort claim for such plaintiffs.  See Saint v. Data Exchange, Inc., 2006 OK 59 ¶ 6, 145 P.3d at 1039; Tate v. Browning-Ferris, Inc., 1992 OK 72 ¶ 18, 833 P.2d 1218, 1229.  The Oklahoma Supreme Court stated that such a reading of the OADA was necessary because "[w]hen a statute is susceptible to more than one construction, it must be given that interpretation which frees it from constitutional doubt rather than one that would make it fraught with fundamental-law infirmities." Tate, 1992 OK 72 at ¶ 18, 833 P.2d at 1229. Accordingly, this Court is bound by the interpretation of the OADA as previously formulated by the Oklahoma Supreme Court and must therefore find the OADA constitutional under the constitutions of both the State of Oklahoma and the United States.

Defendant contends that the provision of a Burk tort to remedy constitutional defects of the OADA surpasses the power of the Oklahoma Supreme Court.  This argument misconstrues the Oklahoma Supreme Court's decisions, however.  By interpreting the OADA

3

as not providing the exclusive remedy for victims of age and race discrimination, the court permitted such plaintiffs to bring a <u>Burk</u> tort claim, a claim that existed prior to the 1990 amendments to the OADA that caused the potential unconstitutionality.   Rather than judicially creating a private cause of action to remedy the statutory defects, the Oklahoma Supreme Court simply construed the statute as not providing exclusive remedies, thereby allowing plaintiffs to utilize the already existing common-law <u>Burk</u> tort remedy.  The Court finds no flaw in this manner of statutory construction.

Accordingly, Defendant's Partial Motion to Dismiss Plaintiff's State Law <u>Burk</u> Claim (Dkt. No. 9) is DENIED.

IT IS SO ORDERED this 18th day of May, 2009.


ROBIN J. CAUTHRON
United States District Judge